1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

BENJAMIN SPENCER,
CDCR #BC-5505,

Plaintiff,

vs.

VISTA POLICE
DEPARTMENT, et al.,

Defendants.

Case No.:  3:17-cv-01355-WQH-WVG

**ORDER**

BENJAMIN SPENCER ("Plaintiff"), currently incarcerated at Valley State Prison ("VSP") in Chowchilla, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff claims the Vista Police Department and three unidentified San Diego County Sheriff's Department officers violated his Eighth and Fourteenth Amendment rights during the course of his arrest on July 9, 2016, and again on July 10, 2016, after he was "pro[ce]ssed" at the Vista Detention Facility ("VDF").  *See* Compl., ECF No. 1, at 1-6.

Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), as well as two documents in which he requests extensions of time to identify the Sheriff's Department officers he seeks to sue through discovery.  *See* ECF Nos. 3, 5.

# I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $50. *See* 28 U.S.C. § 1914(a) Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report, together with a prison certificate completed by a trust account official at VSP attesting to his trust account activity. *See* ECF No. 2 at 5-6; *see also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried a $.09 average monthly balance, has had an average monthly deposit of only $.06 to his account over the 6-month period immediately preceding the filing of his Complaint, and no available balance on the books at the time of filing. *See* ECF No. 2 at 5-6. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing

3

28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## B. Plaintiff's Allegations

Plaintiff claims that on July 9, 2016, "the police t[old] him to stop and sit down." *See* ECF No. 1 at 4. Plaintiff claims he was unarmed, but "next thing [he] knew," a police dog started biting him on the top of his head, neck, face, and right arm. *Id.* Unidentified officers then kicked him in the ribs, hit him the face with a flashlight, and tasered him in the back. *Id.* Plaintiff claims he the "must [have] passed out," because he next awoke in the hospital with a fractured nose, ribs, and sutures in his head, face, and neck. *Id.*

"After [his] hospital visit," Plaintiff claims he was "pro[ce]ssed" at VDF. *Id.* at 6. On the next morning, July 10, 2016, while being escorted by two unidentified Sheriff's Department officers together with two other inmates, he was "attacked" in the hallway by a third inmate, who was being escorted by three other unidentified deputies. *Id.* Plaintiff claims his attacker "got away" from his escort officers and "should [have] been in foot [and] hand restraints." *Id.* Plaintiff "had to go to the doctor again" as a result of this incident. *Id.*

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Vista Police Department

With regard to the Vista Police Department, Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

A municipality's police department is not a "person" subject to suit under § 1983. Instead, "persons" encompass state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and local governmental entities themselves. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). The Vista Police Department is a municipal department of the City of Vista, California, and, therefore, is not considered a "person" within the meaning of section 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as

the police departments, are not generally considered 'persons' within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Thus, because the Vista Police Department is not a "person" within the meaning of section 1983, Plaintiff cannot maintain any claims against it under that statute as a matter of law. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) (collecting cases).

### E. Unidentified Vista Police & Sheriff's Department Officers

With regard to the remaining Defendants, identified only as "Vista Police Officers" and "San Diego County Sheriff Officers," a preliminary review of Plaintiff's Complaint shows that his claims are also subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are duplicative of those raised in another civil action he filed in the Southern District in September 2016. *See Spencer v. City of Vista, et al.*, S.D. Cal. Civil Case No. 3:16-cv-02313-CAB-KSC ("*Spencer I*") (ECF No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Spencer I*, Plaintiff alleged, as he does in this case, that "three unnamed [City of Vista] police officers used excessive force

when they allowed a police dog to attack and bite him after he had surrendered, and then hit, kicked, and shot him with a taser while taking him into custody" on July 9, 2016. *See Spencer I*, ECF No. 1 ("Compl.") at 2-3; ECF No. 3 at 1, 4-8 (Order Granting IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A); ECF No. 4 ("First Amended Complaint") at 2-3; ECF No. 7 (Order Dismissing First Amended Complaint for Failing to State a Claim) at 4-8. Plaintiff further alleged that he was "attacked by a fellow inmate at the VDF due to the negligence of five unnamed officers who were escorting him and the other inmate." *Id.*, ECF No. 1 at 4; ECF No. 3 at 1, 4-5, 8-9; ECF No. 4 at 2-3; ECF No. 7 at 4, 7-8.

Because Plaintiff's current Complaint alleges the same facts, is based on the same incidents, and re-alleges the same legal claims against the same group of "unknown" Vista Police and San Diego Sheriff's Department officials as his previously filed pleadings in *Spencer I*, the Court dismisses Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 920 n.1.

## III. Motion for Extension of Time

Plaintiff has also filed a Motion requesting an extension of time during which he might request discovery from the Vista Police Department to "get the Officers['] names and badge numbers." *See* ECF No. 3 at 1; ECF No. 5 at 1. Because the Court dismisses this action in its entirety as duplicative of *Spencer I*, it denies Plaintiff's request as moot.

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1)     GRANTS Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

2)     ORDERS the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)      DISMISSES Plaintiff's Complaint without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).[2]

4)      DENIES Plaintiff's Motion for Extension of Time (ECF No. 3) as moot.

5)      CERTIFIES that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6)      DIRECTS the Clerk of Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, terminate this action, and close the file.

**IT IS SO ORDERED**.

Dated: October 12, 2017

Hon. William Q. Hayes
United States District Court

---

[2] If a case is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.